IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JERAD PATTERSON,<br><br>Plaintiff,<br><br>vs.<br><br>RODOLFO PATTERSON, et al.,<br><br>Defendants. | Cause No. CV 20-92-M-DLC-KLD<br><br><br>FINDINGS AND<br>RECOMMENDATION OF U.S.<br>MAGISTRATE JUDGE |

Plaintiff Jerad Patterson moved to proceed in forma pauperis with this action on June 25, 2020.

On June 26, 2020, the Court granted Patterson forma pauperis status and gave him an opportunity to plead additional facts in support of federal jurisdiction. *See* Order (Doc. 4) at 1–3.

On the same day, Patterson filed another complaint against two but not all of the originally named Defendants. In that document, he again asserts federal question jurisdiction. *See* Second Compl. (Doc. 5) at 3 ¶ II. Instead of "Inheritance—Life insurance, Living Will, Property," *see* First Compl. (Doc. 2) at 4 ¶ II(A), Patterson writes, "Constitutional Rights" and "GI Bill/Bill of Rights," Second Compl. (Doc. 5) at 3 ¶ II(A), "Conduct, Behavior, Treatment, Discipline,"

1

and "Official Documentation" and "Damages," *id*. at 4 ¶¶ III–IV.

On August 20, 2020, the Court advised Patterson that he had not provided enough information to help the Court understand what happened to him and why he wanted to file a lawsuit against the Defendants he named. Patterson was ordered to clarify what injury he suffered; who caused it and what they did to cause it; when it occurred; why the law entitled him to relief; and what relief he wanted. The Court explained that it would recommend the action be dismissed for failure to state a claim if Patterson did not clarify his pleading.

Patterson did not respond to the Order. As it is not possible to proceed on the pleadings filed to date, and as Patterson has had two opportunities to amend his pleading, the only available option is dismissal.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Patterson's complaints (Docs. 2, 5) should be DISMISSED for failure to state a claim on which relief may be granted.

2. The clerk should be directed to enter, by separate document, judgment in favor of Defendants and against Plaintiff.

3. The District Court should CERTIFY that any appeal from its disposition would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Patterson may object to the Findings and Recommendations within 14 days. *See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Patterson must immediately advise the Court of any change in his mailing address.  Failure to do so may result in dismissal of the action without notice to him.

DATED this 29th day of September, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.